**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4782

RODNEY FITZGERALD BRIGGS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-97-128)

Submitted: February 26, 1998

Decided: March 18, 1998

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Renee R. Christina, Greenville, South Carolina, for Appellant. E. Jean
Howard, OFFICE OF THE UNITED STATES ATTORNEY, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Fitzgerald Briggs pled guilty to conspiracy to possess crack cocaine with intent to distribute, see 21 U.S.C. § 846 (1994), and was sentenced as a career offender to a term of 140 months imprisonment. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in her view there are no meritorious issues for appeal. Briggs has filed a pro se supplemental brief raising several additional issues. After a review of the record, we affirm.

In the Anders brief, Briggs' attorney first questions whether he was correctly sentenced as a career offender in light of Briggs' contention at sentencing that his two prior convictions for burglary of a dwelling were actually convictions for aiding and abetting burglaries. The district court properly held that the distinction did not affect Briggs' career offender status. A career offender is one who is at least eighteen years old at the time he commits an offense which is either a crime of violence or a drug trafficking offense, and who has two prior felony convictions for either a crime of violence or a drug trafficking offense. Burglary of a dwelling is defined as a crime of violence under the guideline and the term "crime of violence" includes aiding and abetting the commission of that offense. See USSG § 4B1.2(1)(ii), comment. (n.1).

Briggs' attorney also challenges the extent of the district court's downward departure for substantial assistance, see USSG § 5K1.1, p.s., and its denial of a departure based on over-representation of Briggs' past criminal conduct. See USSG§ 4A1.3, p.s. We lack jurisdiction to consider either claim. See United States v. Hill, 70 F.3d 321, 324-25 (4th Cir. 1995) (defendant may not appeal extent of downward departure); United States v. Bayerle , 898 F.2d 28, 31 (4th Cir. 1990) (refusal to depart generally not appealable).

In his pro se supplemental brief, Briggs again challenges his career offender classification and the extent of the departure he received. He also argues that the court erred in not awarding him an adjustment for

2

acceptance of responsibility. <u>See</u> USSG § 3E1.1. This issue was not raised in the district court and is reviewed for plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 731-32 (1993). Despite his guilty plea, in his interview with the probation officer Briggs denied selling crack and explained his presence in a crack house as just being in the wrong place at the wrong time. Because the presentence report contained information that Briggs worked for the crack dealer who ran the crack house and sold crack on at least ten occasions, the district court did not plainly err in withholding the adjustment.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3